**Floyd JOHNSON, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 51987.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 8, 1987.

Beth S. Ferguson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On November 11, 1987, movant's application to transfer to the Supreme Court of Missouri was sustained and ordered retransferred to this court for re-examination in light of *State v. Gardner,* 741 S.W.2d 1 (Mo. banc 1987). Upon such re-examination we now issue a new opinion affirming movant's convictions and sentences.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted of three counts of receiving stolen property valued over $150 and seven counts of receiving stolen property valued under $150. He was sentenced to two concurrent ten-year terms, a consecutive fifteen-year term and seven concurrent one-year terms for a total of twenty-five years' imprisonment.

In December of 1981, police had reason to suspect movant had possession of stolen property and were able to obtain a search warrant. In their search, police found property that had been stolen from several different owners. Movant was tried and convicted on ten different counts of retaining stolen property as of the time the search was carried out. Each count was based on property stolen from a different owner.

Movant claims he was subjected to double jeopardy because he received cumulative punishment for a single act, and that counsel was ineffective in failing to raise the double jeopardy issue on direct appeal. *Gilmore v. State,* 710 S.W.2d 355, 358[5] (Mo.App.1986).

This assertion is without merit. The property was stolen from different owners at different times. There was evidence movant received the property at different times. Under *Gardner,* 741 S.W.2d at 5–6, (Mo. banc 1987), the mere fact movant was charged with holding the property at a single time does not subject him to double jeopardy.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.