**Arizona HALL, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 58407.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied
May 3, 1991.

Dave Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

█ This appeal must be dismissed for lack of jurisdiction. On April 3, 1990, the Presiding Circuit Judge of St. Louis County, Missouri, considered three motions:

(1) MOVANT'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL TO [sic] UNDER RULE 24.035(e);

(2) MOTION TO COMPEL MOTION COURT JUDGE TO COMPLY WITH RULE 51.05 MOTION TO DISQUALIFY HIMSELF; and,

(3) MOVANT''S [sic] MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR DISQUALIFICATION OF THE HONORABLE KENNETH M. ROMINES FROM HEARING/DETERMINATION OF SAME.

These motions were filed on March 30, and April 27, 1990, in a case which began when movant filed a pro se Rule 24.035 motion on March 7, 1988. The court made the following findings:

(1) The motion included a request that the motion judge be disqualified from considering the motion;

(2) The request for disqualification was never noted or acted upon;

(3) *Movant voluntarily withdrew the motion on March 11, 1988;*

(4) The motion was dismissed on March 17, 1988;

(5) A second motion for Rule 24.035 post-conviction relief was filed on March 9, 1989;

(6) The motion judge disqualified himself in the second motion but relief was denied on March 12, 1989;

(7) Defendant was not prejudiced by any action or inaction of the Court related to a file closed by his voluntary withdrawal of his motion for post-conviction relief; and

(8) The motion to compel motion court judge to comply with Rule 51.05 motion to disqualify himself is moot.

The presiding judge did not address the question of subject matter jurisdiction because of the dismissal on March 17, 1988. We must do so, *Turner v. General Motors Corp.*, 750 S.W.2d 76, 77 (Mo.App.1988), and find there was no pending case before the court on April 3, 1990. *See* § 512.160.1 RSMo 1986. The findings, conclusions and order entered on that day were a nullity from which no appeal will lie. They were entered in a proceeding movant voluntarily dismissed more than one year before the three motions were filed.

█ If we had jurisdiction, we would reject the claim of error which depends on the proposition the dismissal of the original pro se Rule 24.035 motion was inoperative because the case was never dismissed by a

judge who was not disqualified. First, a request for disqualification is not self-executing. *Matter of Buford,* 577 S.W.2d 809, 827 (Mo. banc 1979). Second, parties can waive disqualification, expressly or by conduct, and by so doing cannot thereafter complain about the judge's participation. *State v. Purdy,* 766 S.W.2d 476, 478–479 (Mo.App.1989). Third, on March 11, 1988, movant had authority to dismiss his motion without an order of court. Rule 67.01. Hence, the motion to disqualify was pending but not ruled when movant voluntarily dismissed his motion. The motion judge accepted the dismissal of the Rule 24.035 motion but acceptance was mandatory and required no judicial discretion by a disqualified judge. The dismissal was a required procedural act, not a prohibited ruling on any substantive issue. The tender of a voluntary dismissal was either a waiver of the motion to disqualify or an act which could not prejudice movant. On April 27, 1990, movant filed a motion to set aside the dismissal of the Rule 24.035 motion. That motion was too late to confer jurisdiction. Rule 74.06(c).

Movant was notified of the dismissal by letter of June 10, 1988. He did not refile before June 30, 1988. He elected to file a second Rule 24.035 motion in 1989. The second motion was denied as late filed. *See Hall v. State,* 795 S.W.2d 483 (Mo.App. 1990). By filing the second motion, movant recognized dismissal of the first motion.

■ We have *ex gratia* studied the sentencing hearing. Movant entered *Alford* pleas to charges of assault first degree and armed criminal action. The state dismissed charges of burglary first degree and armed criminal action. It was prepared to prove movant shot his estranged wife with a shotgun and then with an automatic pistol at her parents' home on August 20, 1986.

At the plea hearing movant expressly withdrew notice of intent to rely on mental defect or disease as a defense. Movant faced a sentence of ten to thirty years or life on the assault charge and a minimum of three years or life on the armed criminal action charge. The state recommended concurrent fifteen year sentences and agreed not to oppose a psychiatric evaluation that *may* have led to confinement at a state hospital as opposed to the penitentiary system. Movant acknowledged *hospitalization was contingent* upon a decision to be made within the Division of Health and a subsequent decision of the court. Accordingly, the plea was not conditioned upon a bargain with the state or a commitment by the court that movant would serve his sentence in a hospital environment within the supervision of the Division of Health.

Ultimately, the court sentenced the defendant to serve concurrent fifteen year sentences with the Department of Corrections. It recommended movant be placed in a mental health facility. On these facts we find no violation of the plea agreement and that evidence at the plea hearing supports rejection of movant's Rule 24.035 claim of ineffective assistance of counsel because of the form of sentencing.

Appeal dismissed.

PUDLOWSKI, P.J., and GRIMM, J., concur.