Robert D. HAMMON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 17874.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 1992.

Gary E. Brotherton, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Robert Hammon, pursuant to a plea bargain, entered pleas of guilty to charges of burglary and stealing. He was sentenced to two concurrent four-year terms in accordance with that plea bargain. Movant was granted an evidentiary hear-

ing upon his Rule 24.035 motion. After entering findings of fact and conclusions of law, the motion court denied the motion. Movant states two points on appeal.

▇▇▇ Movant's first point is that the motion court erred because the evidence established his pleas were "involuntary, unknowing, and unintelligent" because movant's "counsels advised him that if he rejected the state's plea offer he would be sentenced to the maximum term on both counts with such time to run consecutively and further advised him to cooperate by telling the judge what he wanted to hear or he would also receive consecutive terms of the maximum sentence." Movant's testimony generally supports that point. However, the findings of the motion court include the following:

> "Petitioner's testimony that his plea of guilty was not voluntary is NOT credible as Petitioner contradicted his own testimony." (Emphasis in original.)

This court must defer to the findings of the motion court on matters of witness credibility. *Wooten v. State,* 776 S.W.2d 453 (Mo. App.1989). Moreover, this court agrees with that finding of the motion court. Movant's first point is denied.

▇▇▇ Movant's second point is that the motion court erred because the same judge conducted movant's preliminary hearing and later, contrary to the provisions of § 478.240, accepted his pleas of guilty and sentenced him. Movant cites and relies upon the direction of § 478.240.2 that a presiding judge is not authorized to make an

> "(2) Assignment of a judge to hear the trial of a felony case when he has previously conducted the preliminary hearing in that case;".

The record establishes Honorable Robert E. Yocum on December 5, 1990, as Associate Circuit Judge of McDonald County, presided over movant's preliminary hearing. It also establishes that on February 5, 1991, Honorable Robert E. Yocum, as Circuit Judge of the Fortieth Judicial Circuit, accepted movant's pleas of guilty.

Superficially, § 478.240 might possibly appear to bar Judge Yocum from accepting those pleas. It is not necessary to consider the extent of that statutory bar. The record also includes the following.

> "[Defense Counsel]: Judge, he wants to waive any complaints about you being Associate Circuit Judge for the preliminary hearing.
>
> THE COURT: All right.
>
> .    .    .    .    .
>
> THE COURT: ... Mr. Hammon, I acted as preliminary hearing judge in your case on December the 5th of 1990, here in this same courtroom, and unless you request that I proceed and waive any objection you might have because of that, I will not be able to hear your case today. You have the right to have another judge hear your case, and you have a right to object to my serving as judge. I understand you have a plea bargain here today. Is that right?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And do you want—are you requesting that I serve as judge today?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you waive any objection that you might have because I was the preliminary hearing judge?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And your attorney has talked with you about this, is that right?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Very well. I will proceed, then, at your request."

Because movant waived his right under § 478.240, he cannot now complain.

> "However, it is also apparent to us that under the long established rule in this state, and apparently most other states, parties can waive the disqualification, expressly or by conduct, and that by doing so they cannot thereafter complain about the judge's participation." *State v. Purdy,* 766 S.W.2d 476, 478–479 (Mo.App. 1989).

Also see *Hall v. State,* 806 S.W.2d 429 (Mo.App.1991); *Bland v. State,* 805 S.W.2d

192 (Mo.App.1991); *Heintz v. Hudkins,* 824 S.W.2d 139 (Mo.App.1992).

In view of movant's express waiver of any right to question the qualification of Judge Yocum, he cannot, in this collateral proceeding, successfully complain about Judge Yocum's participation. Movant's second point is denied and the judgment of the motion court is affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.