Carolyn S. HUBBARD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 48196.

Missouri Court of Appeals,
Western District.

April 26, 1994.

Lorry L. Korhs, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

PER CURIAM:

Carolyn S. Hubbard (Hubbard) appeals the trial court's denial of her Rule 24.035 motion after an evidentiary hearing. Hubbard pleaded guilty to stealing over $150, § 570.030.3(1), RSMo 1986, a class C felony, and to being a prior offender under § 558.019, RSMo Cum.Supp.1992, and to being a persistent offender under § 558.016, RSMo Cum.Supp.1993. She was sentenced to ten years imprisonment.

The judgment is affirmed, except that the court vacates the portion of Hubbard's sentence which declares her to be a prior offender under § 558.019, RSMo Cum.Supp.1992.

■ Hubbard's first point is that the motion court clearly erred in denying her Rule 24.035 motion because Hubbard was denied her "rights to effective assistance of counsel and to due process of law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and by Article I, Sections 10 and 18(a) of the Missouri Constitution." Specifically, Hubbard claims that counsel "misled Appellant, and thus coerced her to plead guilty involuntarily and unknowingly, because counsel told Appellant that she would receive a thirty year sentence if she did not plead guilty."

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with "the definite and firm impression that a mistake has been made." *Wilson*, 813 S.W.2d at 835 (quoting *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

The motion court made the following relevant findings:

[M]ovant's trial counsel, did not coerce Movant into pleading guilty, nor did she tell movant that movant would receive a thirty year sentence if she had a jury trial. Counsel did tell movant that conviction on the pending charge of Robbery in the Second degree, a class "B" felony, could result in a thirty year sentence for a persistent offender. This statement was true and did not cause movant's plea of guilty to be involuntary.

\* \* \* \* \* \*

Movant was not forced to plead guilty. Movant received the advice of trial counsel and chose, voluntarily, to enter a plea of guilty to a reduced charge rather than go to trial before a jury.

\* \* \* \* \* \*

Movant was entitled to and had the effective assistance of counsel. Her plea of guilty was intelligently and voluntarily offered and properly received. Movant's waiver of rights by way of the offered plea of guilty was valid.

The motion court's findings and conclusions are not clearly erroneous for the following reasons. First, when Hubbard pleaded guilty, she waived all errors regarding ineffective assistance of counsel except those which affected the voluntariness or the understanding with which her plea of guilty was given. *Thomas v. State*, 800 S.W.2d 477, 480 (Mo.App.1990). At the guilty plea hearing, Hubbard testified that she was satisfied with her defense counsel's performance and that she had no complaints about her representation. When a movant assures the trial court at her guilty plea hearing that she is satisfied with her trial counsel's performance, she "cannot later claim the contrary." *Fox v. State*, 819 S.W.2d 64, 67 (Mo.App.1991).

Second, as to Hubbard's claim that her counsel told her that "she would receive a thirty year sentence if she did not plead guilty," Hubbard's trial counsel testified at the motion hearing that she merely informed Hubbard that conviction on the pending charge of robbery in the second degree, a class B felony, could result in a thirty year sentence for a persistent offender. The conflict between the testimony of Hubbard and

her trial counsel is an issue of witness credibility, and on issues of witness credibility, this court must defer to the findings of the motion court. *Hammon v. State*, 841 S.W.2d 276, 277 (Mo.App.1992). Furthermore, the motion court and counsel were correct in their assessment that Hubbard could have been sentenced to thirty years on the original charge of robbery in the second degree, class B felony, as a persistent offender. Section 558.016.7(2), RSMo Cum.Supp.1993.

Finally, the record of the guilty plea proceeding refutes Hubbard's allegations that her plea of guilty was "coerced." The record shows that the court had the attorneys explain to Hubbard in open court that by pleading guilty, the maximum sentence she could receive was reduced from thirty years to twenty years and that the minimum sentence she faced was reduced from five years to one day.

Hubbard's testimony during the guilty plea colloquy also demonstrates that her plea was made voluntarily and knowingly. Hubbard testified that she was not threatened or coerced into pleading guilty, but was doing so voluntarily. She testified that it was in her best interests to plead guilty. Hubbard also testified that she was satisfied with her defense counsel's performance and that she had no complaints about her representation. She testified that she was pleading guilty because she was actually guilty. Hubbard assured the court that she understood the plea and her plea was voluntary. The motion court did not err. Point denied.

■ Hubbard's second point claims that the trial court plainly erred in sentencing her as a prior offender pursuant to § 558.019, RSMo Cum.Supp.1992. Hubbard claims that it is error because § 558.019, RSMo Cum. Supp.1992, does not apply to class C felonies, the class of felonies to which Hubbard pleaded guilty.

Section 558.019, RSMo Cum.Supp.1992, provides minimum prison terms for certain repeat offenders. However, the minimum term provisions of the statute apply only to class A, B, or certain dangerous felonies as stated and defined in the statute. *State v. Simms*, 859 S.W.2d 943, 945 (Mo.App.1993). The offense of stealing over $150 under § 570.030.3(1), RSMo 1986, is not a class A, B, or dangerous felony. Therefore, § 558.-019, RSMo Cum.Supp.1992, does not apply to defendant's class C conviction and sentence. To the extent that the judgment purports to apply § 558.019, RSMo Cum.Supp.1992, to Hubbard's sentence, it is error. *Hight v. State*, 841 S.W.2d 278, 282–83 (Mo.App.1992). In its brief, the state concedes that § 558.-019, RSMo Cum.Supp.1992, is inapplicable.

Hubbard does not need to be resentenced because the ten-year sentence that she received was permitted by § 558.016.7(3), RSMo Cum.Supp.1993, and was unaffected by the court's error of applying § 558.019, RSMo Cum.Supp.1992. *Id.* at 283.

The motion court's denial of Hubbard's post-conviction motion is affirmed, except the court vacates that portion of the judgment and sentence in *State v. Carolyn S. Hubbard*, Case No. CR191–2579 FX, Clay County Circuit Court, which declares Hubbard to be a prior offender under § 558.019, RSMo Cum. Supp.1992. The judgment of the guilty plea court and the sentencing of Hubbard to ten years imprisonment as a persistent offender pursuant to § 558.016, RSMo Cum.Supp. 1993, are unaffected by this opinion.