Joe BATES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21778.

Missouri Court of Appeals,
Southern District,
Division Two.

April 20, 1998.

Irene Karns, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before PARRISH, P.J., and MONTGOMERY, C.J., and BARNEY, J.

PER CURIAM.

Joe Bates (movant) appeals the denial of his Rule 24.035 motion following an evidentiary hearing before the Circuit Court of Oregon County, Missouri. His post-conviction motion was directed to convictions, based on his pleas of guilty, on two charges of the class B felony of sale of more than 5 grams of marijuana, a controlled substance. § 195.211.[1]

■ Movant contends the motion court erred in denying his Rule 24.035 motion because his pleas of guilty were involuntarily entered; that they were erroneously based on an assurance by the attorney who represented him in his criminal case that he would receive probation within 120 days after he was delivered to the custody of the department of corrections as permitted by § 559.115.

■ "This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous." *Edmonds v. State,* 819 S.W.2d 90, 91 (Mo.App.1991). Due regard is given to the motion court's opportunity to assess the credibility of witnesses who appeared before it. *Mevius v. State,* 789 S.W.2d 888, 892 (Mo.App.1990). This court defers to a motion court's determination of witness credibility. *Gawne v. State,* 729

---

1. References to statutes are to RSMo 1994.

**684**

S.W.2d 497, 500 (Mo.App.1987). The motion court was entitled to believe or disbelieve any or all of the testimony of any witness. *Royal v. State*, 868 S.W.2d 552, 555 (Mo.App.1994). Movant had the burden of proving by a preponderance of the evidence the grounds he asserted for post-conviction relief. *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App. 1990).

There was conflicting evidence concerning movant's claim that he was "guaranteed" by the attorney who represented him in his criminal case that he would receive probation within 120 days as permitted by § 559.115.[2] The motion court found the evidence movant presented was "not of sufficient believability, credibility, and weight" to support movant's claim.

The motion court entered judgment denying the motion. The judgment is based on findings of fact that are not clearly erroneous. No error of law appears. Further opinion would have no precedential value. The judgment denying movant's Rule 24.035 motion is affirmed in compliance with Rule 84.16(b)(2) and (5).

---

**2.** § 559.115.2 provides, "A circuit court *only upon its own motion and not that of the state or the defendant* shall have the power to grant probation to a defendant anytime up to one hundred twenty days after he has been delivered to the custody of the department of corrections but not thereafter. . . ." (Emphasis added.)