**Cheryl Faye MILLER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 21959.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1998.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

BARNEY, Judge.

Cheryl Faye Miller (Movant) appeals from the Circuit Court's denial of her Rule 24.035 motion for post-conviction relief.[1]

Movant filed her Rule 24.035 motion within the time permitted by the rule after the trial court accepted her guilty pleas and sentenced her to two consecutive five-year sentences for her convictions of two class C felony counts of receiving stolen property valued over $150.00. *See* § 570.080.[2]

---

1. All Rule references are to Missouri Court Rules (1998).

2. All statutory references are to RSMo 1994.

On appeal to this Court, Appellant alleges that the motion court clearly erred in denying her post conviction relief motion in that she received ineffective assistance when her attorneys failed to raise the issue that her guilty plea, under Count II of the amended information for receiving stolen property valued over $150.00, would violate the Double Jeopardy Clause.[3] Movant also contends that the motion court clearly erred in failing to issue sufficient findings of fact and conclusions of law, and that the trial court further erred in finding that she was a prior and persistent offender when it entered its judgment and sentence.

"Our review of denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law [are] clearly erroneous." *Winegar v. State,* 967 S.W.2d 265, 267 (Mo.App.1998); *see also* Rule 24.035(k); *McClellan v. State,* 967 S.W.2d 706, 708 (Mo.App.1998). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made." *Winegar,* 967 S.W.2d at 267.

"Movant [has] the burden of proving by a preponderance of the evidence the grounds he [or she] asserted for post-conviction relief." *Bates v. State,* 967 S.W.2d 683, 684 (Mo.App.1998).

## I.

In her first assignment of error, Movant alleges that she was denied effective assistance of counsel in that her guilty plea attorneys failed to challenge Count II of receiving stolen property valued over $150.00

on the grounds that the criminal acts that gave rise to Count I and Count II of the amended information transpired from the same event and thus a conviction under Count II of the amended information violated the Double Jeopardy Clause.

On March 24, 1995, Movant accompanied Ms. Crystal Mason to an outlet mall in Camden County, Missouri. According to Movant, Ms. Mason entered all ten stores of the outlet mall and stole retail goods from each of them. Upon her misappropriation of the items from each store, Ms. Mason delivered the items to Movant in separate lots and at different times. Movant knew that the items she received from Ms. Mason were stolen.

Movant was initially charged with ten counts, each of receiving stolen property valued over $150.00. The State dismissed eight of the counts in exchange for Movant's plea of guilty under two of the counts. Movant pleaded guilty under Count I of the amended information to receiving stolen property that was taken from the Reebok Outlet Store and pleaded guilty under Count II of the amended information to receiving stolen property that was taken from Petite Sophisticates.

Each count of the amended information, together with the facts in this case as we glean from the guilty plea transcript, established that Movant committed two separate offenses when she (i) received stolen property taken from the Reebok Outlet Store, and (ii) when she, at a different time, received stolen property taken from Petite Sophisticates. The record clearly indicates that Movant received the stolen property on the same day but in separate installments at different times. *See* § 570.080;[4] *Johnson v. State,* 741 S.W.2d 83 (Mo.App.1987).

---

3. "The Fifth Amendment to the United States Constitution . . . provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' The Fifth Amendment is made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969)." *Rost v. State,* 921 S.W.2d 629, 633 (Mo.App.1996). *See also State v. Heslop,* 842 S.W.2d 72, 74 (Mo. banc 1992), *cert. denied,* 508 U.S. 921, 113 S.Ct. 2369, 124 L.Ed.2d 275 (1993).

4. 1. A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

2. Evidence of the following is admissible in any criminal prosecution under this section to prove the requisite knowledge or belief of the alleged receiver:

(1) That he was found in possession or control of other property stolen on separate occasions from two or more persons;

The argument that Movant asserts in the instant appeal relating to the issue of multiple counts of receiving stolen property and double jeopardy has been previously addressed and rejected by the appellate courts of this State. *See State v. Gardner,* 741 S.W.2d 1, 4–5 (Mo. banc 1987) (no double jeopardy violation where State had evidence to prove defendant committed multiple offenses of receiving stolen property and specifically listed the property stolen from each of the various owners); *Horsey v. State,* 747 S.W.2d 748, 754 (Mo.App.1988) (no double jeopardy violation where State proved and it was not refuted that defendant acquired possession of each stolen item at a different time); *Johnson,* 741 S.W.2d at 83 (no double jeopardy violation where the property stolen was from different owners at different times and where defendant received the stolen property at different times).

Double jeopardy protection applies only to multiple punishments or prosecutions for the "same offence." *State v. Flenoy,* 968 S.W.2d 141, 143 (Mo. banc 1998). "Multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *Id.* The record in this matter established that Movant committed two separate offenses of receiving stolen property. We therefore find no double jeopardy violation. Movant's trial counsel was not ineffective for failing to raise a meritless claim during the guilty plea proceedings. *See Burton v. State,* 745 S.W.2d 185, 187 (Mo.App.1987) (where the record does not support a claim of double jeopardy, a movant's claim of ineffective assistance of counsel fails and will not be considered). Point denied.

## II.

In her second assignment, Movant asserts that the motion court clearly erred in not entering sufficient findings of fact and conclusions of law in support of the court's denial of her Rule 24.035 motion. She alleges that the motion court failed to make specific findings and conclusions as to each allegation raised by Movant and that such failure precluded meaningful appellate review of the denial of her Rule 24.035 motion.

In her Rule 24.035 motion, Movant claimed that her convictions were in violation of the double jeopardy clause because of the "single larceny rule," and that she received ineffective assistance of counsel because her attorneys failed to raise the issue of double jeopardy prior to the trial court's acceptance of her guilty pleas and imposition of her sentence. In the motion court's judgment, it found that the "facts are not contested and therefore the Court will not make specific findings of fact. The issue in this case is a question of law." On that issue of law, the motion court found "that the sentences imposed do not violate the 'single larceny rule.' "[5]

We initially observe that Movant did not assign any motion court error in her brief relative to the "single larceny rule" nor was it addressed. We therefore deem any argument relative to the application of that rule to Movant's case to be abandoned. *See State v. Cook,* 945 S.W.2d 90, 91 (Mo.App.1997).

"There is no precise formula to which findings of fact and conclusions of law must conform." *State v. Taylor,* 929 S.W.2d 209, 223 (Mo. banc 1996). "Generalized findings are sufficient if they enable the appellate court to meaningfully review the movant's contentions." *Id.* at 224. We note that where, as here, there is no factual dispute, "the motion court need not make findings of fact if the only issue presented is one of law." *O'Neal v. State,* 925 S.W.2d 480, 482 (Mo. App.1996).

"[I]t is within our discretion to finally dispose of a case where the record clearly

---

(2) That he received other stolen property in another transaction within the year preceding the transaction charged;
(3) That he acquired the stolen property for a consideration which he knew was far below its reasonable value.
3. Receiving stolen property is a class A misdemeanor unless the property involved has a value of one hundred fifty dollars or more, or the person receiving the property is a dealer in goods of the type in question, in which cases receiving stolen property is a class C felony. § 570.808, RSMo 1994.

5. *See generally State v. Cody,* 525 S.W.2d 333, 335 (Mo. banc 1975); *Heslop,* 842 S.W.2d 72.

demonstrates that the motion court reached a correct decision." *Id.* This is such a case.

The motion court reached the correct decision in determining that there was no constitutional infirmity in Movant's convictions and sentences. Movant's convictions and sentences do not violate the Double Jeopardy Clause. *See* Point I., *supra; see also Horsey,* 747 S.W.2d at 755. Point denied.

### III.

In her final assignment, Movant claims that the trial court erred in finding that Movant was a "prior and persistent offender" when it entered its written judgment and sentence. The State concedes this point in its brief, noting that because the "State purposely presented no evidence that [Movant] was a 'prior offender' or 'persistent offender,' and since the court made no findings to this effect, the court was statutorily precluded by § 558.021.1, RSMo 1994, from adjudicating [Movant] as a 'prior offender' and a 'persistent offender.'" We agree.

During the guilty plea proceedings, the trial court judge stated the following: "And so the record is straight, there is no proof of any prior and persistent offender status, and the State has dropped that for purposes the pleas in these matters." Nevertheless, in the trial court's written judgment and sentence, it is noted that Movant is found to be a prior offender and a persistent offender under section 558.016.

Movant and the State are in agreement that this case "should be remanded [to the trial court] for the entry of an order *nunc pro tunc,* deleting the reference in the written judgment to the [Movant's] purported status as a 'prior offender' and a 'persistent offender.'" *See* Rule 29.12(c); *State v. Rollie,* 962 S.W.2d 412, 417 (Mo.App.1998); *State v. Wyman,* 945 S.W.2d 74, 78 (Mo.App.1997). We therefore determine that this matter should be remanded to the trial court for the sole purpose of correcting its written judgment and sentence, deleting the trial court's finding that Movant was a prior and persistent offender. *See* Rule 24.035(j); *Hubbard v. State,* 875 S.W.2d 221, 223 (Mo.App.1994); *Hight v. State,* 841 S.W.2d 278, 282–83 (Mo. App.1992). Point granted.

The judgment of the motion court is affirmed. The case, however, is remanded to the trial court for correction of the written sentence and judgment of the trial court so as to delete any references to Cheryl Faye Miller's purported status as a"prior offender" and a "persistent offender."

GARRISON, C.J. and SHRUM, P.J., concur.