**Robert E. WATERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 25672.

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 2004.

Irene Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Eaton, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Robert E. Waters (movant) appeals the denial of his Rule 24.035 motion directed to his conviction for possession of crack cocaine, a controlled substance. *See* § 195.202, RSMo 2000. Following conviction based on a plea of guilty and incarceration, movant filed a *pro se* motion for post-conviction relief as permitted by Rule 24.035. An attorney entered an appearance and an amended motion was filed asserting ineffective assistance of trial counsel. A hearing was held and the amended motion denied. This court affirms.

> Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995).

*Smith v. State*, 28 S.W.3d 417, 419 (Mo. App.2000).

Movant pleaded guilty to possession of a controlled substance as charged by an amended information pursuant to a negotiated plea agreement. Movant was originally charged with rape, sodomy, and armed criminal action.[1] The attorney who represented movant in his criminal case testified at movant's Rule 24.035 hearing.

She was asked about her discussions with movant "about pleading to drug charges as opposed to going to trial on the forcible rape and sodomy[.]" She explained:

> Well, I explained to [movant] under the rape and the sodomy charge about sexual violent predators act, what that would entail. The fact if convicted at all he would be required to register for the duration of his life as a sexual predator. We went over the range of punishments, what could happen at trial.

> We went over the option of what the prosecutor was offering to another charge of the possession since he had made admission during his interview of the possession charge, that he had been using drugs that night. That way they would resolve the case with—without filing as a prior persistent offender, would reduce the sentence to go concurrent with the parole violation that he was going to have to serve. And protect him from being a sexual violent predator act if he would possibly be convicted.

Movant testified. He stated he had turned himself in because there was a warrant for his arrest for charges of rape and sodomy. Upon being questioned further, he recalled that there were also charges against him for armed criminal action. He said he had been incarcerated at Pacific, Missouri, while the rape, sodomy, and armed criminal action charges were pending; that his attorney called and told him the prosecuting attorney had offered to drop the pending charges if he would plead guilty to a class B felony of

---

1. The only copies of records from the underlying criminal case that are part of the record on appeal are copies of docket sheets, a copy of the amended information that charged the offense to which movant pleaded guilty, a transcript of the guilty plea hearing, and a copy of the judgment and sentence. No copy of the original information appears in the legal file component of the record on appeal. The only reference to the original charges appears at the top of the original docket sheet in the criminal case that states, "Nature of Action: Ct. I, III—Forcible Sodomy[,] Ct. II, IV, VI—Armed Criminal Action[,] Ct. V—Forcible Rape[.]"

drug distribution. Movant said he called his attorney "within the week" and declined. He said he told his attorney he wanted to go to trial on the rape and sodomy charges.

Movant was transported to New Madrid County on December 10, 2001. He said he talked to his attorney about an offer by the state for him to plead guilty to a class C felony of possession of drugs. Movant testified that his attorney convinced him he would be better off taking the plea offer than going to trial. On December 12, movant pleaded guilty to the class C felony of possession of a controlled substance as charged by an amended information. He was sentenced to confinement for a term of four years.

Movant was placed under oath for the trial court's inquiry at the guilty plea hearing in his criminal case. He told the trial court he was serving a 10–year sentence for assault. He was asked about the representation he had received in the charge to which he was pleading guilty. Movant told the trial court he was satisfied with the representation his attorney had provided; that she had done everything he asked her to do. The trial judge asked defendant if he was pleading guilty to the offense charged by the amended information of his own free will because he had done the things with which he was charged. Movant answered, "Yes, sir."

The prosecuting attorney was asked what the facts would be if there were a trial. He answered:

> Your Honor, the State would present evidence that on December 11, 2000[,] a Jeri Lusk reported to the New Madrid County Sheriff's Office that she had been assaulted and raped by [movant] in her home. In the process of giving that interview, she also indicated that [movant] had brought some crack cocaine into her home and—and used it prior to

that altercation. [Movant] was later arrested on that original charge and in the course of giving his statement to the police, that—which was a Mirandized statement—admitted to the police that he had in fact brought crack cocaine into Ms. Lusk [sic] home and used it at that home.

Movant was asked if those were the facts as he knew them to be. He answered, "Yes, sir." The prosecuting attorney was asked if there was a plea bargain. He answered that there was; that the state had agreed to recommend that movant be sentenced to four years' confinement; that the sentence would run concurrent with sentences previously imposed. Movant was asked if that was his understanding of the plea bargain. He answered, "Yes, sir."

After explaining rights movant possessed as a defendant in a criminal case, the trial judge asked movant if he still wanted the court to accept his plea of guilty. Movant told the trial judge he did. The trial court found that the plea of guilty had been given voluntarily, intelligently, and with a full understanding of movant's rights and accepted the plea of guilty. Movant was sentenced in accordance with the negotiated plea agreement.

After sentencing the trial court inquired of movant, as required by Rule 29.07(b)(4), about his trial counsel. Movant told the trial judge he was satisfied with the representation his attorney had provided; that she had done the things he asked her to do; that there was nothing he asked her to do that she had not done. The trial judge found that movant had received adequate representation of counsel.

■ Movant's sole point on appeal claims the motion court erred in denying his Rule 24.035 motion on the basis that he received ineffective assistance of counsel in

his criminal case in that his attorney "failed to advise [movant] that his statement [admitting possession and use of a controlled substance] would not be admissible against him because the State could not prove the *corpus delicti* of the crime of possession." Movant contends that had he been "advised ... of this defense, he would not have pled guilty and would have insisted on going to trial."

The motion court's findings were twofold. It found:

> The testimony of the victim that movant brought crack cocaine to her home and used it, coupled with the presence of the crack pipe on the table next to the couch (Movant's Exhibit # 2), would have been sufficient corroboration to make movant's statements admissible, had the case been tried on the drug case.

The motion court further found:

> Had movant gone to trial on the original charges, and had he been convicted, he would have been subject to three life sentences and three sentences without an upper limit. In his attorney's opinion, he was faced with the testimony of a very credible and precise witness at a very risky trial. The attorney believed that that [sic] the plea offer was the best deal and that it was in the best interest of movant to plead to the drug charge. [The motion] court does not believe that even if movant had been advised as he claims he should have been, he would have rejected the plea offer of a four-year concurrent sentence and insisted on going to trial with his prior conviction. There is no reasonable probability that movant would not have pleaded guilty and insisted on going to trial. Movant did not prove that he received ineffective of counsel [sic]; neither did he prove that he was prejudiced....

■ As *Cole v. State,* 2 S.W.3d 833 (Mo. App.1999), explains:

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State,* 968 S.W.2d 229, 230 (Mo.App. S.D.1998).

*Id.* at 835. *Cole* further addresses the limitation on claims of ineffective assistance of counsel directed to convictions resulting from guilty pleas. A claim of ineffective assistance of counsel in cases in which a defendant pleaded guilty "is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made." *Id.* "Further, the movant must demonstrate that his guilty plea was not the product of an intelligent or knowing act." *Id.*

*Bundy v. State,* 965 S.W.2d 402 (Mo. App.1998), explains:

> When there is a plea of guilty, effectiveness of counsel is relevant only as affecting the voluntariness of the plea. "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Buckle [v. State],* 885 S.W.2d [37] at 38 [ (Mo.App.1994) ]. All errors are waived by a guilty plea except those that are relevant to the voluntary nature of the plea. *Walker v. State,* 698 S.W.2d 871, 874 (Mo.App.1985). Movant must establish that counsel's serious dereliction of duty materially affected his substantive rights "and further show that his guilty

plea was not an intelligent or knowing act." *Risalvato [v. State],* 856 S.W.2d [370] at 374 [ (Mo.App.1993) ].

*Id.* at 404.

The motion court addressed both prongs of the test to determine if movant received ineffective assistance of counsel. It concluded that movant's claim that his trial counsel was deficient for not having advised movant that a submissible case could not be made for the drug offense because the *corpus delicti* of that offense could not be proven was unwarranted; that movant's statement admitting guilt, together with the testimony of the witness and the crack pipe found at the location of the offense, sufficed to make a submissible case. The motion court concluded, therefore, that movant's trial attorney was not deficient in her representation of him.

The motion court also addressed the second prong of the test. It concluded that even if movant's trial attorney had been deficient in the respect claimed, movant was not prejudiced; that considering the state's agreement not to proceed with the rape, sodomy, and armed criminal action offenses with which movant was originally charged, movant would have persisted in his willingness to plead guilty to the possession of drug charge in exchange for a four-year sentence. The motion court did not find movant's testimony that, under those circumstances, he would have insisted on going to trial on the original charges credible.

In reviewing the findings of the motion court, this court need not address the performance prong of the test for effectiveness of counsel before examining for prejudice. *Moore v. State,* 28 S.W.3d 389, 390 (Mo.App.2000). Failure to prove either prong is fatal to a claim of ineffective assistance.

The motion court did not believe movant's argument that had he believed a submissible case could not have been made

against him for the offense to which he pleaded guilty, he would have insisted on going to trial on the more serious charges with which he was originally charged. This court gives due regard to the motion court's opportunity to assess the credibility of witnesses who appear before it. *Bates v. State,* 967 S.W.2d 683 (Mo.App.1998); *Mevius v. State,* 789 S.W.2d 888, 892 (Mo. App.1990). "This court defers to a motion court's determination of witness credibility." *Bates, supra. See also Gawne v. State,* 729 S.W.2d 497, 500 (Mo.App.1987).

The motion court obviously concluded that movant's attack on the effectiveness of the representation he received in his criminal case was not genuine; that movant's assessment of his trial counsel's representation at his sentencing hearing was more credible than the contrary view he espoused at the evidentiary hearing on his Rule 24.035 motion. This court finds no error in that determination.

The motion court's finding that movant was not subjected to prejudice, even if his trial attorney was deficient in not advising him in the manner he argues should have been done (which claim the motion court found to be fallacious), was not clearly erroneous. There was evidence that movant was advised of advantages he would likely receive by accepting the negotiated plea agreement and that he chose to accept the state's offer; that in accordance with the terms of the negotiated plea agreement, he voluntarily and intelligently pleaded guilty to the amended charge. Movant's point on appeal is denied. The judgment denying movant's Rule 24.035 motion is affirmed.

RAHMEYER, C.J., and BATES, J., concur.