**Douglas D. FRANKLIN,
Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–
Respondent.**

**No. 26265.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 2005.

---

6. Lane did not provide evidence that he was permanently and totally disabled.

Rosalynn Koch, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Lacey R. Searfoss, Asst. Atty. Gen., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Douglas D. Franklin ("Movant") appeals from the Circuit Court of Taney County's denial of his Rule 29.15[1] motion for post-conviction relief based on alleged ineffective assistance of counsel. We affirm.

Movant was charged with the class C felony of child molestation in the first degree, pursuant to Section 566.067,[2] for subjecting J.H.,[3] a child less than twelve years of age at the time, to sexual contact. Movant pled guilty pursuant to a plea agreement with the State under which he would receive five years' suspended execution of sentence and five years of supervised probation. The plea court at first accepted Movant's plea and ordered a pre-sentence investigation. After reviewing the pre-sentence investigation report, however, the plea court rejected the plea agreement and Movant withdrew his plea. Movant was later convicted by a jury of child molestation in the first degree and sentenced to five years. Movant directly appealed his conviction and this court affirmed in a memorandum opinion at State v. Franklin, No. 24147 (Mo.App. S.D. filed April 5, 2002).

Movant filed a pro se motion for post-conviction relief, pursuant to Rule 29.15, counsel was appointed and an amended motion was filed. Following an evidentiary hearing, the motion court issued its findings of fact and conclusions of law denying Movant's claim. This appeal followed.

Movant presents one point on appeal. He claims the motion court erred in denying his motion because he received ineffective assistance of counsel in that his trial counsel gave him erroneous advice which caused him not to testify in his own defense. He contends that his failure to testify resulted in his conviction.

Movant was first represented by other counsel during his plea negotiations, at his plea hearing, and at the sentencing hearing in which the plea court refused to accept the plea agreement. During his plea hearing, Movant testified to facts which demonstrated his guilt of the crime charged. He also made certain statements to a probation and parole officer in conjunction with a pre-sentence investigation which are the subject of one of his com-

---

1. All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise noted.

2. All statutory references are to RSMo (1994) unless otherwise noted.

3. We use initials to protect the identity of the victim.

plaints on this appeal.[4] Following the withdrawal of his plea, his attorney withdrew and Movant employed Souder Tate ("Tate"). In preparation for trial, Tate and Movant discussed whether Movant would testify in his defense. Tate testified at the evidentiary hearing that he was concerned that if Movant testified at trial, he could be impeached with the statements he made to the probation and parole officer in connection with his pre-sentence investigation. Tate testified that he did not believe, however, that the State would be able to use the guilty plea which had been withdrawn. Tate stated that he advised Movant that he could testify if he wanted to, but that Tate believed he would be cross-examined with a prior inconsistent statement because of the statements Movant made to the probation and parole officer.

Movant testified at the post-conviction relief hearing that he interviewed several attorneys after his first attorney withdrew, and all of them advised him that it was possible that his guilty plea and the statement he made to the probation and parole officer could be used to impeach his testimony at trial. He said that Tate also advised him of this possibility and, to Movant, there was no differentiation between the statements he made during his guilty plea and the statements he made to the probation and parole officer. Movant stated that this advice alone caused him not to testify.

In its findings of fact and conclusions of law, the motion court found that Tate gave erroneous advice to Movant regarding the admissibility of his statements to the probation and parole officer. It also found that Tate's advice that the State would not be able to use the guilty plea was correct.

It found that Movant's guilty plea, and the statements made to the probation and parole officer, could not be used by the State in any manner at trial, including impeachment of Movant's testimony, citing Rule 24.02(d)(5); *State v. Hoopes*, 534 S.W.2d 26, 37 (Mo. banc 1976); and Section 559.125.2. Accordingly, the motion court acknowledged that reasonably competent counsel would not have advised Movant as Tate had regarding Movant's statements to the probation and parole officer and would have taken steps to ensure that such evidence would not have been introduced through a motion in limine or a motion to suppress.

The motion court, however, found that Movant was not prejudiced by Tate's erroneous advice. It noted that Movant was advised at trial that cross-examination would be limited to matters covered on direct examination and his prior convictions, and that Movant stated that he chose not to testify because it was in his best interests. It found that there may have been multiple reasons why Movant chose not to testify, and that the motion court did not know what his testimony might have been. According to the motion court, Movant denied to the probation and parole officer that he committed the offense, and his statement that he touched the victim three times was ambiguous at best. It found that Movant's ambiguous statements to the probation and parole officer did not appear to be the sole reason Movant chose not to testify. The motion court noted that Movant testified at his guilty plea to facts which indicated his guilt and if he had testified differently at trial, he would have been subject to a perjury prosecution, pursuant to Rule

---

4. The pre-sentence investigation states, "[i]n discussing the offense with this officer, [Movant] admits to touching the victim only three times, however, denied ever kissing or licking the victim's penis."

24.02(d)(5).[5] It also found that if Movant had testified at trial as he did at his guilty plea, "the prejudice to him would have been much greater than his decision not to testify." Accordingly, the motion court was unable to find that Tate's erroneous advice was the reason Movant chose not to testify.

■ Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Parham v. State*, 77 S.W.3d 104, 106 (Mo.App. S.D. 2002). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Middleton v. State*, 80 S.W.3d 799, 804 (Mo. banc 2002) (*quoting Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)).

Although Movant agrees with the motion court's determination that Tate's advice concerning the statements he made to the probation and parole officer was erroneous, it is not clear whether he takes issue with the court's determination that Tate's advice concerning the guilty plea was correct. In any event, Movant argues that the motion court clearly erred in finding that he was not prejudiced. He claims that it was sheer conjecture for the motion court to believe that his decision not to testify was driven by any factor "other than the perceived threat of impeachment." He argues that Tate's testimony at the evidentiary hearing made it clear that fear of impeachment "was the prime, and perhaps the only, concern behind [Movant's] decision to not take the stand."

Movant notes that no other factors were considered when he and Tate weighed the positives and negatives of testifying and that the motion court's discussion of perjury was unfounded, claiming that the testimony, "while impeaching, [was] not necessarily inconsistent." *See Tate v. State*, 675 S.W.2d 89, 91 (Mo.App. E.D.1984). Finally, Movant claims to have established very real prejudice because of a juror's testimony at the evidentiary hearing. The juror stated that Movant's failure to testify gave a negative impression in that he did not try to defend himself, and that the jury noted this lack of testimony in its deliberations.

The State first responds by alleging that Movant's claim on appeal was not raised in his amended motion and should not be reviewed. The State claims that Movant only alleged in his amended motion that Tate advised him that his guilty plea could be used against him, not the statements made to the probation and parole officer during the pre-sentence investigation. While we agree with the State that Movant did not specifically address Tate's advice concerning the comments to the probation and parole officer and that his amended motion is far from a model of clarity, we find that the opening sentence of his second point in the amended motion, "(b) Counsel, [Tate], was ineffective in that he failed to file a motion in limine or to take other necessary steps to preclude the state from being allowed to impeach movant with statements made at his rejected guilty plea proceedings[ ]" when read in context with the rest of this point is adequate to allow for our review.

---

5. Rule 24.02(d)(5) provides, in pertinent part, "[h]owever, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel."

The State also claims that Movant failed to prove that he was prejudiced by Tate's advice. It argues that because the motion court failed to find that Movant chose not to testify solely because of Tate's erroneous advice about impeachment, the motion court did not find credible Movant's testimony that he would have testified had Tate not given him this advice. The State asserts that we must defer to the motion court's credibility determinations. The State further argues that prejudice cannot be presumed and that Movant failed to plead and prove what his testimony at trial would have been because he did not outline it in his pleading or at the evidentiary hearing. It also notes that Movant's main attempt at proving prejudice involved the juror's testimony that the jury considered his failure to testify in its deliberations, but argues that we should not consider the juror's testimony as it was not admitted into evidence. Rather, it points out that it objected to the juror's testimony; the motion court allowed Movant to make an offer of proof, which it then rejected; and Movant has not claimed on this appeal that the motion court's ruling on his offer of proof was in error. The State also notes that the trial court gave a jury instruction that the jury could make no presumption based on the fact that Movant did not testify. Finally, the State claims that Movant does not argue that if he had testified it would have caused the jury to acquit him.

In order for a criminal defendant to be granted post-conviction relief on the basis of ineffective assistance of counsel, the defendant must demonstrate that "his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and that he was thereby prejudiced." *Parham*, 77 S.W.3d at 106 (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Therefore, Movant must show that counsel's performance fell below an objective standard of reasonableness and, but for counsel's performance, a reasonable probability exists that the outcome of the trial would have been different. *Wright v. State*, 125 S.W.3d 861, 866 (Mo.App. S.D. 2003). "If the [movant] fails to satisfy one of the two prongs of the *Strickland* test, we are not compelled to address the other prong and the claim of ineffective assistance must fail." *Dorsey v. State*, 113 S.W.3d 311, 314 (Mo.App. S.D.2003).

Movant's point and argument are not completely clear as to whether he is appealing the motion court's determination that Tate correctly advised him that the guilty plea could not be used against him at trial or only its determination that he was not prejudiced by Tate's erroneous advice as to the statements Movant made to the probation and parole officer. We will address both possibilities. The motion court determined that Tate correctly advised Movant that the State could not use his guilty plea at trial, albeit for the wrong reason, and was therefore not ineffective on this basis. The motion court has the opportunity to assess the credibility of witnesses and we defer to its credibility determinations. *Waters v. State*, 128 S.W.3d 648, 652 (Mo.App. S.D.2004). We find no error in the motion court's determination.

█ We now address Movant's claim as to Tate's erroneous advice regarding the statements Movant made to the probation and parole officer. "The decision to testify solely rests with the defendant, but the defendant is entitled to receive 'reasonably competent advice.'" *Rousan v.*

*State*, 48 S.W.3d 576, 585 (Mo. banc 2001). Even if the movant did not receive competent advice, he or she must still prove prejudice. *Id.* at 586. There must be a reasonable probability that if movant would have testified, the result of the proceeding would have been different. *Id.* Neither party contests the motion court's determination that Movant's counsel's advice about the possibility of being impeached with the statements he made to the probation and parole officer was incorrect, therefore the only issue before us is whether Movant was prejudiced by Tate's advice.

■ Movant's primary attempt at proving prejudice was through the testimony of one of the jurors from his trial who stated that the jury discussed Movant's failure to testify during its deliberations and did not look favorably upon it. The juror's testimony was presented only in an offer of proof, following an objection by the State to her testimony, which the motion court sustained. The motion court then refused the offer of proof. Movant has not challenged this ruling on appeal, though in his brief he cites the juror's testimony as a "very real prejudice" resulting from his failure to testify. We need not determine, however, whether we can consider the juror's testimony when the *motion court* excluded it and Movant failed to challenge this ruling on appeal. A post-conviction relief movant may not use the testimony of a juror to prove prejudice from his attorney's alleged incompetence because this would be permitting the juror to impeach the verdict, which is impermissible. *State ·v. Debler*, 856 S.W.2d 641, 654 (Mo. banc 1993). Therefore, even if the motion court had allowed the testimony, it could not be considered as evidence of prejudice.

In his amended motion, Movant twice referred to the fact that it was important that he take the stand and deny the allega-tions against him at trial, though he did not elaborate on this in any way. He also completely failed to address at the evidentiary hearing what his testimony would have been. The motion court noted this in its findings of fact and conclusions of law, stating that it did not know what his testimony would have been. We agree with the motion court that we are only able to speculate as to what testimony Movant would have given at trial, other than possibly a denial as he described in his motion. Movant bears the burden of proving prejudice, and where he has not given us a description of the testimony he would have given at trial, we cannot determine whether this testimony would have been reasonably likely to change the result of the trial. *See State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993) (though also denying an evidentiary hearing for movant, the court held that where movant "offered no attempt to provide the proposed content of his testimony or to show that there was a reasonable probability that his testimony would have caused the jury to acquit him," he was not entitled to relief).

Even if we were to find that Movant's references to a denial in his motion constituted proof of what his testimony would have been at trial, Movant failed to show how this would have led to a reasonable probability of a different result. His argument centers on the fact that if he had testified, the jury would not have had a negative view of him for failing to testify, not on how the content of his testimony would have led it to acquit him. But as described above, his method of proving prejudice through juror testimony is impermissible and cannot be considered. Furthermore, the trial court instructed the jury that it could not draw any inference from the fact that Movant did not testify and we have long held that juries are presumed to follow instructions. *Wright,*

125 S.W.3d at 867. In light of this, Movant's argument that the jury looked negatively upon his failure to testify must fail. Movant never attempted to prove how the content of his testimony would have led to a reasonable probability of a different result at his trial, so we cannot find here that it would have done so.

 Furthermore, we note the fact that if Movant had testified differently at trial than at his guilty plea, he would be subject to a perjury charge, as allowed by Rule 24.02(d)(5). The motion court found that Tate's advice was not the only reason he did not testify. We must defer to the motion court's opportunity to assess the credibility of witnesses. *Waters*, 128 S.W.3d at 652. These facts and the lack of a description of the testimony Movant would have given at trial lead us to believe that the motion court was not clearly erroneous in determining that Movant was not prejudiced by his counsel's erroneous advice. Movant's point is denied.

We affirm the motion court's denial of Movant's Rule 29.15 motion.

PREWITT and RAHMEYER, JJ., concur.