**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Robert E. SONKA, Defendant–Appellant.**

**Robert E. SONKA, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**Nos. 18848, 19539.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 2, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PREWITT, Judge.

Following jury trial, Appellant was convicted of burglary in the second degree and sentenced as a prior and persistent offender to twenty years in prison. He appeals that conviction. Appellant also filed a motion under Rule 29.15 to vacate the conviction and sentence. Following the denial of that motion without an evidentiary hearing, he appealed. The appeals were consolidated here. Rule 29.15(*l*).

Appellant presents two points relied on. By his first point, he asserts that the trial court erred in denying his motion to disqualify the special prosecutor who represented the state in the criminal case against him. Appellant claims the trial court abused its discretion because at the time of trial the special prosecutor was named as a defendant in a civil rights action filed by Appellant in federal court.

■ Disqualifying a prosecutor is directed to the trial court's sound discretion. § 56.110, RSMo Supp 1986; *State v. Stewart,* 869 S.W.2d 86, 90 (Mo.App.1993). "Disqualification of a prosecutor is only called for when he has a personal interest of a nature which might preclude his according the defendant the fair treatment to which he is entitled." *Id.*

■ Filing a civil rights lawsuit against the prosecutor does not establish hostility of the prosecutor toward a criminal defendant. *State v. Tyler,* 587 S.W.2d 918, 930 (Mo.App. 1979). Allowing the filing of such litigation to require the disqualification of a prosecutor could paralyze prosecutions of criminal defendants. *Id.* There was no abuse of discretion here. Point I is denied.

For his second point, Appellant states that the court erred in denying his Rule 29.15 motion without an evidentiary hearing because he stated facts which if true would entitle him to relief and which facts are not refuted by the record. He states that he received ineffective assistance of counsel because his trial attorney "failed to attempt to remove Venireperson Randolph Yocum for cause since he had counselled Appellant as a condition of Appellant's probation ... on a prior offense."

■ Review of the denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j); *State v. Williamson,* 836 S.W.2d 70, 73 (Mo.App. 1992). Movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h).

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985). "To prove ineffective assistance of counsel, a post-conviction relief movant must show that counsel's performance fell below a reasonable level and that this deficiency prejudiced him." *State v. Hamilton,* 791 S.W.2d 789, 797 (Mo.App.1990).

Movant does not state in his motion that he instructed his counsel to attempt to strike Yocum for cause. Whether Yocum knew, or remembered that he once knew Appellant is not shown in the record of the criminal matter. If Movant did tell his counsel, as he alleged in his motion, that he had previously been in a client-therapist relationship with Yocum as a condition of probation regarding a prior conviction then it is obvious that counsel did not pursue it because she wished for Yocum to be on the jury.

■ Whether to challenge a juror is generally a matter of trial strategy and failing to attempt to remove a venireperson who has some relationship to the defendant without more does not demonstrate ineffective assistance. *See Presley v. State,* 750 S.W.2d 602, 607 (Mo.App.), *cert. denied,* 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988). It is apparent here that trial counsel with-

**390**

held bringing out any information regarding the relationship of Movant and Yocum so that he would remain on the jury. That was a matter of trial strategy. Reasonable choices of trial strategy are not grounds for finding that counsel was ineffective. *State v. Ervin*, 835 S.W.2d 905, 930 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). Under our limited review we cannot say that the trial court erred in its findings and conclusions.

The judgments are affirmed.

GARRISON, P.J., and PARRISH, J., concur.