**Linzzie VAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 22211.

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 1999.

Tara L. Jensen, Asst. App. Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On April 23, 1996, Linzzie Van[1] ("Movant") pled guilty in New Madrid County to robbery in the first degree (Count I) and armed criminal action (Count II). The pleas were entered pursuant to a plea agreement, the terms of which appear in the following excerpt from the transcript of the guilty plea proceeding:

"[Prosecutor]: The State's agreed to recommend that the Defendant be sentenced to 17 years in the Department of Corrections on Count I. Three years in the Department of Corrections on Count II. Those sentences are to run consecutively for a total of 20 years. That 20-year sentence is to run concurrently with a sentence recently imposed in Scott County which originated in Cape Girardeau County.[2]

THE COURT: All right, Mr. Van, do you understand what the Prosecutor is recommending in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And are you asking me to follow that recommendation?

THE DEFENDANT: Yes, sir."

The plea court accepted the pleas of guilty and sentenced Movant pursuant to the agreement.

Movant subsequently commenced the instant action by filing a motion under Rule 24.035, Missouri Rules of Criminal Procedure (1996), to vacate the judgment and sentences. The motion court denied relief after an evidentiary hearing. Movant brings this appeal from the motion court's judgment.

As we have seen, one proviso in the plea agreement was that Movant's consecutive seventeen-year and three-year sentences were to run concurrently with a sentence he had "recently" received in Scott County. Discussion of Movant's convoluted claim of error (set forth later) requires references to not only the New Madrid County case (the subject of this appeal), but also to the Scott County case.

Movant presented two witnesses in the motion court: himself and the lawyer who represented him when he pled guilty in New Madrid County ("Plea Counsel"). Movant testified first.

Movant recounted he pled guilty in Scott County and received a twenty-year sentence. Movant did not identify the date of those proceedings; however, he acknowledged they occurred before he pled guilty in New Madrid County.

Movant said he understood his plea agreement in New Madrid County was that "whatever [I] got in Scott County, [I was] going to get in New Madrid County" and "it was going to be concurrent ... [t]hey were going to run together."

---

1. This surname is spelled "Van" on some documents in the record and "Vann" on others. Signatures on a document ostensibly penned by the appellant spell the surname "Van." This opinion uses that spelling.

2. The record indicates the crime for which Movant was sentenced in Scott County occurred in Cape Girardeau County; the case was sent from Cape Girardeau County to Scott County on change of venue.

Movant told the motion court he was initially represented in Scott County by a "private attorney." However, explained Movant, the private attorney withdrew before the Scott County plea.

Movant's motion court testimony, while abstruse, can be understood as saying that while the private attorney was representing him in Scott County, the prosecutor in that case offered to recommend a "ten-year sentence." However, avowed Movant, the private attorney never told him about the "possibility of pleading guilty to a recommendation of ten years."

After the private attorney's departure in the Scott County case, Plea Counsel (who already represented Movant in New Madrid County) became Movant's Scott County lawyer. According to Movant, he learned about the ten-year Scott County offer after Plea Counsel replaced the private attorney. Movant insisted in the motion court that had he known he could plead guilty in Scott County "to a lesser sentence," he would have done so.

Plea Counsel testified in the motion court that during the time the private attorney was representing Movant in Scott County, Plea Counsel negotiated the agreement for Movant in New Madrid County whereby Movant would receive the same sentence in New Madrid County as he received in Scott County, with the New Madrid County sentence running concurrently with the Scott County sentence. Plea Counsel added that after she replaced the private attorney in the Scott County case, the only offer by the prosecutor in the Scott County case was twenty years. According to Plea Counsel, the prosecutor in the Scott County case revealed there had once been "a ten-year offer conditioned on [Movant] waiving either the prelim or the suppression hearing." However, explained Plea Counsel, Movant "had both of those, so [the ten-year offer] was no longer on the table."

Plea Counsel testified she told Movant the ten-year Scott County offer was no longer available and "we were working with a twenty-year offer." Plea Counsel recalled Movant "did seem surprised that the ten-year offer wasn't open anymore."

Asked whether she considered the possibility of Movant pleading guilty in New Madrid County before pleading guilty in Scott County (and perhaps receiving fewer than twenty years' imprisonment in the New Madrid County case), Plea Counsel responded:

"[T]here was a possibility that [the prosecutor in the Scott County case] would run whatever he had consecutive.... To tell you the truth, that was a concern of mine[.] ... From my negotiation with [the prosecutor in the Scott County case] he was pretty stubborn about the twenty years.... I wouldn't have been comfortable doing that without some sort of agreement that he would run concurrent also, and I didn't have that agreement."

Asked whether she felt "comfortable" with the guilty plea in Scott County, knowing "the recommendation at one point could have been ten years," Plea Counsel answered:

"I spent numerous times talking to [the prosecutor in the Scott County case] to try to get the ten-year offer back. He was very stubborn about it. I was present with [Movant] when [Movant's co-defendant] went to trial, and I saw [the co-defendant] get thirty-three years. So, yeah, I felt bad that he got the ten years (sic), but I was glad that he took the twenty rather than going to trial and getting thirty-three."

Asked whether she could have arranged for Movant to plead guilty in New Madrid County before he pled guilty in Scott County, Plea Counsel replied:

"If he had wanted to. But ... up until maybe a week before he pled in New Madrid, he was talking about wanting to go to trial in that case."

In denying post-conviction relief, the motion court found:

"Movant assured the [New Madrid County] sentencing court that he understood the charges and the consequences of his guilty pleas. There is nothing in that proceeding to indicate that the pleas were not intelligently and understandingly made. There was no persuasive evidence at the evidentiary hearing to suggest that movant

was not capable of understanding the guilty pleas proceeding. . . .

There was never a ten-year offer in the New Madrid County case, and it is irrelevant whether or not a ten-year offer had been made and withdrawn in the Scott County case. Movant had already been sentenced to a term of twenty years in Scott County when he entered the guilty pleas in New Madrid County. He knew that he would receive concurrent sentences totaling twenty years, and that is what he received."

■ Movant's sole point relied on reads:

"The [motion] court clearly erred in dismissing [Movant's] ... motion for postconviction relief ... based on the finding that the Scott County case is 'irrelevant' to the present case in New Madrid County, because [Movant's] understanding of his Scott County case was the controlling factor in the agreement he made to plead guilty in New Madrid County, and that by failing to recognize the interdependence of the two cases, the court denied [Movant] his rights to due process of law and effective assistance of counsel, as guaranteed by [sundry federal and state constitutional provisions]. Before determining that [Movant's] New Madrid County plea was knowing, intelligent and voluntary, the plea court should have made a factual determination of whether [Movant] understood the consequences of his guilty plea in the controlling case, which determined his destiny in [the] New Madrid County case."

Movant's claim of error, while ingenious, is without merit. Its fatal flaw is that Movant did not have to plead guilty in New Madrid County. He had a choice. He could (1) plead guilty in New Madrid County and receive the agreed-upon punishment in the plea bargain, or (2) repudiate the New Madrid County bargain and go to trial.

When Movant chose the first alternative, he had already received the twenty-year sentence in Scott County, hence he knew what his New Madrid County punishment would be on April 23, 1996, when he pled guilty there.

It is evident from the motion court record that Movant understood he did not have to plead guilty in New Madrid County. As reported earlier in this opinion, Plea Counsel testified Movant was "talking about wanting to go to trial" in the New Madrid County case until "maybe a week before he pled." Consequently, Movant's contention that the Scott County case was the "controlling" case which "determined his destiny" in New Madrid County is meritless, if not frivolous.

That Movant may once have had a chance to plead guilty in Scott County for a ten-year sentence (and thereby subsequently receive concurrent sentences in New Madrid County totalling ten years, to run concurrently with the Scott County sentence) has no bearing on whether he fully understood the consequences of his guilty pleas in New Madrid County on April 23, 1996, and entered them knowingly and voluntarily. When he entered those pleas, he knew he had already received twenty years in Scott County and he would receive sentences totaling twenty years in New Madrid County, to run concurrently with his Scott County sentence.

■ By pleading guilty in New Madrid County instead of going to trial there, Movant avoided the possibility of receiving imprisonment in the New Madrid County case running consecutively to the twenty years he had already received in Scott County. A plea of guilty knowingly entered to avoid a greater penalty than might be assessed in a jury trial is not involuntary. *Van v. State*, 918 S.W.2d 921, 924[4] n. 4 (Mo.App. S.D. 1996); *Phillips v. State*, 902 S.W.2d 318, 321[4] (Mo.App. S.D.1995). Having chosen to (a) accept the certainty of sentences in New Madrid County equal to—and, more importantly, running concurrently with—his twenty-year sentence in Scott County, instead of (b) facing the possibility of imprisonment in the New Madrid County case running consecutively to his Scott County sentence, Movant cannot now obtain relief from his New Madrid County guilty pleas by claiming they were involuntary. *Brady v. United States*, 397 U.S. 742, 750–51, 90 S.Ct. 1463, 1470[12], 25 L.Ed.2d 747 (1970); *Phillips*, 902 S.W.2d at 321.

The judgment of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.