**Bobby COLE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22640.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 1999.

Motion for Rehearing or Transfer Denied
Sept. 17, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Bobby Cole ("Movant") pled guilty to the class B felony of burglary in the first degree, § 569.160,[1] and the class A felony of robbery in the first degree, § 569.020. He was sentenced to consecutive terms of five years for burglary and ten years for robbery. Movant, thereafter, pursuant to Rule 24.035[2] filed a motion for post-conviction relief, which was later amended. The motion court denied relief without an evidentiary hearing. Movant appeals.

Movant's sole point on appeal is that the motion court erred in denying relief without an evidentiary hearing in that Movant pled factual allegations which, if proven, would warrant relief and which are not refuted by the record. Movant alleges that he received ineffective assistance of counsel in the underlying criminal case as a result of plea counsel's failure to attempt to disqualify the prosecuting attorney's office. Specifically, Movant claims plea counsel failed to attempt to disqualify the New Madrid County Prosecutor even though Movant informed plea counsel that Movant's sister had previously testified against the Prosecutor in an unrelated matter and even though, as a result of such prior family involvement, the Prosecutor's pursuit of charges against Movant created an appearance of impropriety. Movant maintains that due to such ineffective assistance of counsel his pleas of guilty were involuntarily and unknowingly rendered.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995).

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

2. Rule references are to Missouri Rules of Criminal Procedure (1999) unless otherwise indicated.

■ A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). Because Movant's conviction resulted from a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Milner*, 968 S.W.2d at 230; *Bauer v. State*, 949 S.W.2d 248, 249 (Mo. App. S.D.1997). There is a strong presumption that counsel's conduct was reasonable under the circumstances. *Bauer*, 949 S.W.2d at 249. In order to overcome such a presumption, the movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Bundy v. State*, 965 S.W.2d 402, 404 (Mo.App. S.D.1998). Further, the movant must demonstrate that his guilty plea was not the product of an intelligent or knowing act. *Id.*

■ An evidentiary hearing is not required unless the movant's motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993); *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

■ In the instant case, the motion court denied an evidentiary hearing after concluding that the allegation made by the Movant was "so vague, general, conclusionary, and illusory that [it did] not justify a hearing or relief." The motion court's finding is not clearly erroneous. The disqualification of a prosecuting attorney is a matter that lies within the sound discretion of the trial court. *State v. Sonka*, 893 S.W.2d 388, 389 (Mo.App. S.D.1995); *State v. Harris*, 939 S.W.2d 915, 919 (Mo.App. W.D.1996). Consequently, even if plea counsel had attempted to disqualify the prosecuting attorney in this case, there is no indication that the trial court would have been required to grant the request. Such a disqualification is only called for when a prosecutor has a personal interest of such a nature that he might be precluded from according the defendant the fair treatment to which he is entitled. *Sonka*, 893 S.W.2d at 389; *State v. Stewart*, 869 S.W.2d 86, 90 (Mo.App. W.D.1993). Here, the Movant has made no reasonably precise allegations in his amended motion to support a motion for disqualification nor has he made a factual showing that a genuine injustice was created by plea counsel's failure to make such a motion. The Movant's allegation that plea counsel's failure to attempt to disqualify the New Madrid County Prosecutor's office rendered his guilty pleas unknowing and involuntary is too vague and conclusory to warrant relief.

Further, the motion court found Movant's claim of ineffective assistance of counsel to be refuted by the record. The motion court focused on the line of questioning conducted by the trial judge at the plea hearing. At the hearing, the trial court specifically inquired:

Q: Now, you've been represented by Mr. Dement here today; is that correct?

A: Yes, sir.

Q: Are you satisfied with the legal representation that he's provided you?

A: Yes, sir.

Q: Has he done the things you've asked him to do?

A: Yes.

Q: Is there anything you might have wanted him to do that he hasn't done?

A: No.

During the latter portion of the plea hearing, the trial court further questioned the Movant concerning his level of satisfaction with his trial counsel:

Q: Your attorney has been Mr. Dement here; is that correct?

A: Yes, sir.

Q: Are you completely satisfied with the legal representation that Mr. Dement has provided you?

A: Yes, sir.

Q: Have you had ample opportunity to discuss your case with him before you came in here and pled guilty today?

A: Yes, sir.

The motion court found that this testimony refuted the Movant's claim of ineffective assistance of counsel as it concerned the knowing and voluntary nature of his plea. This finding was proper. At the plea hearing, Movant made no protest concerning his attorney's failure to attempt to disqualify the prosecutor's office, and his responses to the trial court's questions indicated that his pleas of guilty were voluntary and knowingly entered. If dissatisfied with his counsel, the Movant had ample opportunity during two portions of the plea proceedings to voice such dissatisfaction.

Moreover, Movant was specifically questioned as to whether his counsel had failed to do anything that Movant had asked him to do, and Movant answered, "No." In other contexts where issues may be hidden from discovery by legal vagaries and complexities, more specific questioning than *did your counsel fail to do anything* may be needed. *See State v. Driver*, 912 S.W.2d 52, 55–56 (Mo. banc 1995); *Bauer v. State*, 926 S.W.2d 188, 190–191 (Mo.App. S.D.1996). However, here, such questioning was appropriate. Movant was fully aware of his plea counsel's failure to attempt to disqualify the prosecuting attorney; yet, he expressed satisfaction with his counsel's performance. If displeased with plea counsel's handling of his case, Movant should have raised such a complaint during the plea proceeding. He should not now be heard to complain.

Inasmuch as any claim by Movant that he was prejudiced by plea counsel's failure to attempt to disqualify the prosecuting attorney and that his pleas of guilty were not knowingly and voluntarily rendered is refuted by the record and by his failure to plead sufficient facts, we hold that the motion court did not clearly err in denying relief without an evidentiary hearing.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., concurs.

PREWITT, J., concurs.