**Eddie MOORE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 23733.**

Missouri Court of Appeals, Southern District, Division One.

March 27, 2001.

Scott Thompson, St. Louis, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Office of the Attorney General, Jefferson City, and Stephanie Morrell, Attorneys for Respondent.

SHRUM, Judge

Eddie Moore ("Movant") appeals the denial of his motion for post-conviction relief. After entering a plea of guilty, Movant timely filed both a *pro se* and amended motion for post-conviction relief pursuant to Rule 24.035.[1] An evidentiary hearing was held wherein Movant's request was denied. The motion court's denial of such

---

1. All rule references are to supreme court rules (2000), unless otherwise indicated.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

3. When Movant entered his plea of guilty, counsel for Movant stated to the court: "He

relief is not clearly erroneous. We affirm the judgment of the motion court.

Movant was charged with the Class C felony of possession of more than thirty-five grams of marijuana, a controlled substance, under § 195.202.[2]. Movant was also charged as a prior and persistent offender under § 558.016.[3]. The marijuana was found during a search of Movant's home executed pursuant to a search warrant which Movant now alleges was based, in whole or in part, upon information supplied to the police from a confidential informant. Movant filed a motion to suppress evidence which was denied. Thereafter, Movant pleaded guilty to the possession charge. A pre-sentence investigation report was ordered, and meanwhile, Movant was remanded to the county jail.

While in jail awaiting sentencing, Movant shared a cell with Jeremy Pearson ("Pearson"). After Pearson told Movant that he (Pearson) was a confidential informant in Movant's case, Movant contacted his attorney. Movant's attorney interviewed Pearson. The next day at the sentencing hearing, Movant attempted to withdraw his guilty plea based on this new information. His declared intent was to again challenge the search warrant because he believed that information given by Pearson to police officers was the basis for the search warrant application. With that as his premise, Movant argued the warrant was based on a faulty affidavit as Pearson had not established a reputation with the police as a reliable source. Movant's request to withdraw his guilty plea was denied, however, and the court sentenced Movant to ten years' imprisonment.

Once he was incarcerated, Movant filed the instant motion. In his motion, Movant

---

was charged with a class B felony of possession with intent to distribute.... The State has agreed to reduce that and allow [Movant] to plead to what he was guilty of, which was possessing ... marijuana." The record discloses only the "Third Amended Information for Felony" which charged Movant with possession and as a prior and persistent offender.

alleged his counsel was ineffective for inducing him to plead guilty without interviewing Pearson, the supposed confidential informant used in Movant's case. In this regard, Movant alleged: (1) the information received from Pearson called into question the validity of the search warrant used to gather evidence against him; (2) that before learning about Pearson's role in his case, Movant's lawyer assured him the State's case against him was "solid," when in fact it was not; (3) during the sentencing hearing, his lawyer stated "he would not have advised [M]ovant to plead had he known about the confidential informant[;]" and (4) but for his lawyer's "incorrect information," Movant would not have pleaded guilty and would have gone to trial. On another issue, Movant alleged his lawyer was ineffective for promising he would only receive a seven-year sentence and representing to Movant that if his sentence was more than seven years, the court would allow him to withdraw the plea.

At the trial of Movant's Rule 24.035 motion, Pearson testified he was sent by the police to purchase "weed" from Movant in exchange for "not going to jail" on charges related to a breaking and entering incident. Pearson stated he only had contact with Movant on two occasions, and this was the only "work" he had ever done with the police.

Movant's plea counsel was Kent Hall. He testified to the following factual discussion. Hall was assigned to Movant's case after another public defender (Patrick McMenamin) withdrew because he and Movant were not "communicating well." Although Hall did some investigation after taking over the case, he did not realize from reading the police reports that the police had used a confidential informant. As Hall explained:

"That did not jump out at me. I reviewed the police reports, and it appeared to me that the—I know that Pat McMenamin had already filed a motion to suppress physical evidence on the basis of an illegal search and that had been ruled upon. And I didn't feel the need to go back and revisit those issues because it was pretty much an all-encompassing motion alleging any possible grounds.

"And I also recall ... that the report generated by the Sikeston DPS prior to the search warrant being issued ... indicated that sales had been made to undercover officers as opposed to a confidential informant."

After Movant told Hall of Pearson's alleged role in the case, Hall went to the jail and interviewed Pearson. From this interview, Hall concluded Pearson probably had no "track record of reliability" and, consequently, thought "perhaps we had dropped the ball by not learning of him earlier, investigating, doing whatever we could to turn him up." This concern was the reason Hall asked the sentencing court to allow Movant to withdraw his guilty plea just before Movant's sentencing. In seeking to withdraw Movant's guilty plea, Hall recalled telling the sentencing court "that the affidavit in support of the search warrant does represent that the Confidential Informant No. 152 had a reliable track record with the police department," yet Hall "had not investigated this further to verify whether or not Mr. Pearson is the confidential informant here." Regarding his failure to file a motion requesting the identity of "confidential informant 152," Hall explained that prior to Movant's plea there was no known issue concerning the confidential informant. He testified, "I didn't have any evidence to make me think that there was a problem with the affidavit—the truthfulness of that part of the affidavit or the confidential informant." Hall specifically denied ever telling Movant that he had talked with the judge and prosecutor and obtained assurances from them that Movant's sentence would be seven years if he pleaded guilty.

After the motion court denied Movant's Rule 24.035 motion, Movant filed this appeal. He claims the motion court erred in

not finding his counsel ineffective for (1) failing to investigate the issues surrounding the confidential informant, and (2) assuring Movant he would receive a particular sentence of not more than seven years.

■ Appellate review of a denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Cole v. State*, 2 S.W.3d 833, 834 (Mo.App.1999). The findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo.banc 1997).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064– 65, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ Because Movant's conviction resulted from a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Roll*, 942 S.W.2d at 375; *Cole*, 2 S.W.3d at 835. There is a strong presumption that counsel's conduct was reasonable under the circumstances, and to overcome that presumption, the movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Cole*, 2 S.W.3d at 835. Furthermore, the

movant must demonstrate the plea was not an intelligent or knowing act. *Id.*

■ In his first point on appeal, Movant claims the motion court erred because he "established by a preponderance of the evidence that plea counsel was ineffective for failing to investigate the identity of the confidential informant and the legitimacy of the search warrant." He asserts this "investigation" would have "undoubtedly supported" his motion to suppress, since the entire case "clearly hinged" on the legitimacy of the search warrant. Movant insists he would not have pleaded guilty had he "known about Mr. Pearson, the confidential informant."

■ Fatal to Movant's argument is the fact he presented no evidence that *any* information furnished by Pearson was used in preparing the search warrant affidavit or obtaining the warrant. Certainly, there is no evidence Pearson's information was the *only basis* for issuance of the warrant. Contrary to what Movant argues, the State did not have the burden of proving the foundational basis for the warrant in this Rule 24.035 case. Under Rule 24.035(i), Movant had the burden of overcoming the presumption that his lawyers in the criminal case were competent "by a preponderance of the evidence." *Sutton v. State*, 966 S.W.2d 337, 339 (Mo.App.1998). Despite having that burden, Movant never put into evidence his motion to suppress, the affidavit in support of the search warrant, the search warrant itself, or the transcript of the suppression hearing. Moreover, he did not call his first lawyer (McMenamin) to testify, nor the individual who signed the affidavit in support of the search warrant. Likewise, he failed to call any law enforcement personnel involved in procuring and executing the search warrant to testify. Apparently, Movant would have us conclude that because Hall did not investigate the identity of the confidential informant after the suppression hearing was concluded, it necessarily follows that McMenamin never explored that issue at the suppression hearing. Such conclusion

is illogical, not required by Rule 24.035, and unsupported by case law. To the contrary, the motion court was entitled to rely on the "strong presumption" that the conduct of Movant's attorneys in the criminal case fell within the wide range of reasonable professional assistance, and that such conduct included an inquiry by Movant's first lawyer (McMenamin) at the suppression hearing regarding any issues surrounding the issuance of the warrant. *See McVay v. State*, 12 S.W.3d 370, 373 (Mo. App.2000).

▆▆▆▆ We are confirmed in this view by the fact that the only evidence before the motion court regarding the search warrant and any investigation as to its legitimacy was from the testimony of Hall. Hall testified the motion was "all-encompassing ... alleging any possible grounds." He further testified police reports "indicated that sales had been made to undercover officers as opposed to a confidential informant." Hall explained that a motion to identify the confidential informant was not filed because he and Movant's first counsel "did not see an issue around the confidential informant." In considering Rule 24.035 claims of ineffective assistance of counsel, courts must "view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration." *Henderson v. State*, 977 S.W.2d 508, 511 (Mo.App.1998). A defense counsel need not be clairvoyant to be effective and is only required to do what is reasonable under the circumstances. *McDonald v. State*, 758 S.W.2d 101, 105 (Mo.App. 1988); *Nave v. State*, 757 S.W.2d 249, 251 (Mo.App.1988). Here, Movant failed to prove his trial counsels' performance was deficient.

▆▆▆▆ Moreover, for Movant to prove prejudice from trial counsels' alleged failure to investigate the identity of the confidential informant, Movant had to establish, at a minimum, that (a) a confidential informant was the only basis for issuance of the warrant, and (b) any confidential informant used lacked a history of reliability with the officers. *See e.g. Dean v. State*, 950 S.W.2d 873, 878 (Mo.App.1997) (holding to prevail on claim of ineffective assistance of counsel for failure to investigate, movant must prove the information counsel failed to discover would aid movant's defense). Movant's failure to present such evidence leaves the prejudice prong of his ineffective assistance claim unproven. It is only in "rare cases" that a court can find counsel's failure to interview witnesses to be sufficient to support a claim of ineffective assistance of counsel. *Yoakum v. State*, 849 S.W.2d 685, 688 (Mo.App.1993). This is not one of those "rare cases."

We conclude the motion court did not clearly err when it rejected Movant's claim that his lawyer was ineffective for not investigating the confidential informant because Movant's evidence did not: (1) rebut the presumption that his trial lawyer was competent; (2) show his lawyer failed to "investigate" the confidential informant via the suppression hearing; or (3) establish Movant was prejudiced by his trial lawyer's alleged lack of investigation. Point I is denied.

### POINT II

In Movant's second point, he asserts the court erred in failing to find counsel ineffective for "representing that [Movant] would receive a seven-year sentence." Continuing, Movant claims his belief was reasonable and "but for [Hall's] representations, he would not have pled guilty but rather would have proceeded to trial." Movant's point is without merit.

▆▆▆▆ Hall unequivocally testified he did not make any promise to Movant that he would in fact receive a sentence of seven years. Hall stated his "best belief would be that [Movant] would get—from Judge Brown, based upon similar sentencings and based upon the nature of the offense, that I believed he would get around seven years." He further testified he explained the range of punishment to Movant and the state was asking for fifteen years.

The only evidence contrary to Hall's testimony was that of Movant. In effect, Movant testified Hall promised the sentence would be for seven years. The motion court was free to believe Hall's testimony and disbelieve that of Movant. *Cross v. State*, 928 S.W.2d 418, 419 (Mo.App.1996).

■ Furthermore, there must be some reasonable basis in the record for Movant's belief as to the seven-year sentence he was allegedly "promised." *See Dean*, 950 S.W.2d at 879. Even without Hall's testimony, the record clearly demonstrates the unreasonableness of Movant's belief. Testimony from the plea hearing is as follows:

"Q [by the court]: Do you understand the range of punishment on that charge?

"A [by Movant]: Yeah, one to twenty he said.

. . . .

"Q: Do you understand that . . . you can receive up to 20 years in the State penitentiary, one to twenty years?

"A: Yes, sir.

. . . .

"Q: [I]s your mind clear and do you understand what we're doing today?

"A: Yes, sir.

. . . .

"Q: [D]o you understand that to be the plea bargain?

"A: Yes, sir.

"Q: This is an open plea and you can receive anywhere from one to twenty years in prison or you can get probation. Now, there's no determination as—at this point as to what you're going to receive. Do you understand that?

"A: Yes, sir.

. . . .

"Q: Has anyone promised you that I'm going to give you a particular sentence?

"A: No, sir.

"Q: Okay. No one can do that. . . ."

When Movant entered his guilty plea, he repeatedly assured the court that he understood the nature of the plea bargain, and there was a possibility he would receive up to twenty years in prison. Furthermore, Movant filled out a six-page petition, signing each page, attesting to the fact he understood the proceedings and the possible sentence. Likewise, he assured the court that he was satisfied with his attorneys' work and they had done everything he asked of them. Even more exposing is the timing of Movant's sudden epiphany of misunderstanding. The record is unclear at best as to the nature of the original charges. Suffice it to say, Hall testified the "stakes were very high" if Movant went to trial, and the sentencing court indicated if he were allowed to withdraw his plea and the State refiled, Movant was facing "time of 10 to 30 years or life in prison." Based on this information, Movant accepted the plea bargain, then while awaiting sentencing, he meets Pearson. Suddenly, Movant is claiming he was "promised" a seven-year sentence and that he didn't understand the range of punishment. His assertions are clearly refuted by the record. A guilty plea which is knowingly entered to avoid a greater penalty than might be assessed in a jury trial is not involuntary. *Van v. State*, 987 S.W.2d 819, 822 (Mo.App.1999). Point denied.

We are not left with the definite and firm impression a mistake was made by the motion court. The court's findings of facts and conclusions of law are not clearly erroneous. The denial of Movant's post-conviction relief motion is affirmed.

PARRISH, P.J. and MONTGOMERY, J., concur.