**Jonathan Lamonte JACKSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 24827.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 9, 2002.

Rosalynn Koch, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Jonathan Lamonte Jackson ("Movant") appeals from the denial of his Rule 24.035 [1] motion for post-conviction relief. Movant alleges that the motion court clearly erred in denying his claim that his plea of guilty was not knowingly and voluntarily entered because he was misled by counsel into

1. All rule references are to Missouri Rules of Criminal Procedure (2002).

believing that he would receive a sentence of ten years if he pled guilty.

Pursuant to a plea agreement, Movant pled guilty to the class A felony of assault of a law enforcement officer in the first degree, a violation of Section 565.081.1,[2] and the State dismissed a related charge of armed criminal action, a violation of Section 571.015. Movant was sentenced to twenty-five years imprisonment.

Movant filed a timely motion pursuant to Rule 24.035 in which he alleged that his plea counsel was ineffective. Later, Movant's appointed counsel filed an amended motion. A hearing was held on the motion, and the motion was denied. Movant appeals that ruling.

In Movant's sole point on appeal he contends that the motion court clearly erred in denying Movant's Rule 24.035 motion, because he proved that his guilty plea was not knowingly and voluntarily entered in that he was misled by counsel into believing that he would receive a sentence of ten years if he pled guilty. While Movant's point does not directly address the claim of ineffective assistance of counsel that was the basis of the Rule 24.035 motion, and was the underlying reason for the allegation that the plea was not knowingly and voluntarily entered, we consider the point as though it does.

■ Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law were clearly erroneous. Rule 24.035(j); *Cole v. State*, 2 S.W.3d 833, 834 (Mo.App. S.D.1999). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

■ Once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App. W.D. 1998). Courts have held that an expectation of a lighter or lesser sentence than that actually received does not make a plea involuntary. *See Brown v. State*, 66 S.W.3d 721, 732 (Mo. banc 2002); *Jenkins v. State*, 9 S.W.3d 705, 712 (Mo.App. S.D. 1999); *Redeemer* at 572. Because a movant's belief as to an anticipated sentence is necessarily subjective, the test to be applied is whether there is a reasonable basis in the guilty plea record for him to have held such a belief. *Jenkins* at 708.

In the instant case, Movant's contentions are clearly refuted by the record. At the guilty plea hearing, Movant acknowledged to the court that he understood "the range of punishment as to the charge [was] a term ... of not less than 10 nor more than 30 years." The State outlined the final plea agreement in the following terms:

> [STATE]: ... [O]ur final agreement is that I'd recommend 25–year sentences. As part of the agreement the Court would not sentence him to anything greater than 25 years. The defense will request a pre-sentence investigation, and, at sentencing argue that he should get less than the 25 years. I would be able to argue if I desired why he should get the 25 years.

Shortly after that explanation, the court asked Movant if he understood "the State's position here today as you stand before me here today and plead guilty to this Count I charge[.]" Movant replied that he did.

The court asked again, "[I]t is my understanding that the Court will not be able to impose any sentence in excess of 25

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

years in the Department of Corrections. Now is that your understanding of the agreement?" Movant again replied that it was.

Finally, before accepting Movant's guilty plea, the following exchange occurred.

THE COURT: Has anybody forced you or threatened you or promised you anything to make you plead guilty to this charge?

[MOVANT]: No.

THE COURT: And are you pleading guilty of your own freewill [sic]?

[MOVANT]: Yes, sir.

After the court imposed sentence, it conducted a hearing pursuant to Rule 29.07(b)(4) to determine if probable cause existed to believe that Movant had received ineffective assistance of counsel. During this hearing, Movant stated he was satisfied with the legal services he received and that, other than the plea bargain, no one communicated to him any threats or promises to make him plead guilty.

During the hearing on the Rule 24.035 motion, Movant's plea counsel testified that he had not told Movant that a guilty plea would result in a ten-year sentence or led him to believe that he would receive a ten-year sentence. Counsel testified he told Movant the minimum he would receive was a ten-year sentence, but that he did not make any promises as to what the actual sentence would be.

Movant testified that plea counsel told him the only way he could receive a ten-year sentence was to plead guilty. However, it does not appear plea counsel told him he would definitely receive a ten-year sentence. The only testimony arguably supporting such a claim was in response to motion counsel's question, "So ... [plea counsel] told you that you'd received some other sentence as a result of your plea?" Movant answered, "Ten-year sentence."

On review of motions for post-conviction relief, appellate courts defer to the motion court's opportunity to judge the credibility of witnesses. *Porter v. State*, 928 S.W.2d 1, 2 (Mo.App. S.D.1996). In its findings of fact and conclusions of law, the motion court stated, "The court believes the testimony of the plea attorney, and finds that the attorney did not represent to movant that he would receive a ten-year sentence."

The record does not indicate that Movant's plea counsel misled him in any way. Furthermore, the transcript shows that Movant repeatedly answered questions indicating that he understood the plea agreement and was satisfied with the performance of his counsel. A movant is precluded from seeking post-conviction relief based upon a claim of ineffective assistance of counsel when the movant repeatedly assures the court at a Rule 29.07(b)(4) hearing that he is satisfied with counsel's performance and believes counsel has done everything that he requested. *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995). Therefore, we reject movant's claim that his counsel misled him about his sentencing.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.