Michael W. GRAY, Appellant,

v.

STATE of Missouri, Respondent.

No. 25180.

Missouri Court of Appeals,
Southern District,
Division One.

April 25, 2003.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Charnette D. Douglass, Assistant Attorney General, Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Michael Gray ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief.[1] Movant contends that his trial counsel was ineffective for failing to interview or depose a witness at the scene of the shooting who allegedly heard a victim threaten Movant. Movant now claims that he would not have pled guilty if his trial counsel had obtained this evidence, but instead would have pled self-defense and insisted on proceeding to a trial. We affirm.

Movant was charged by information in the Circuit Court of New Madrid County with three counts of assault in the first degree, § 565.050 [2], and three counts of armed criminal action, § 571.015, for the shooting of three individuals.[3] A preliminary hearing took place on November 13, 2000, at which time Ronnie Cruz and other witnesses testified about the shootings. On July 24, 2001, Movant admitted to the offenses charged and pled guilty to all six counts. Movant testified that he was satisfied with his trial counsel's performance

and that his trial counsel did all of the things he requested. Pursuant to a plea agreement, the state recommended six concurrent twenty-year terms, and the court sentenced Movant accordingly.

On October 1, 2001, Movant filed a *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment, in which he alleged that trial counsel was ineffective for failing to interview or depose Cruz.[4] Movant claims that Cruz overheard an occupant of the car into which Movant shot say "dust them" prior to the shooting. Movant argues that had trial counsel obtained this evidence, he would have made an affirmative self-defense plea and would have insisted on proceeding to trial.

The motion court denied Movant's Rule 24.035 amended motion without an evidentiary hearing. In its findings of fact and conclusions of law, the motion court found that Movant was not entitled to post-conviction relief because his knowing and voluntary plea of guilty waived any complaint about counsel's failure to interview witnesses, and because the witness' testimony at the preliminary hearing did not include any mention of the alleged threat.

Appellate review of a motion court's ruling on a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law were clearly erroneous. *Butts v. State*, 85 S.W.3d 132, 134 (Mo. App.2002); Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if, after a review of the

---

1. Rule references are to Missouri Court Rules (2001).

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. The record indicates that Movant was out driving with three other persons late one night when they signaled another car to pull over and, after a brief conversation, Movant

opened fire on the three occupants of that car with a handgun. Movant does not contest these facts.

4. The record indicates that Cruz had known Movant for two or three years and was out driving with Movant when the shootings occurred.

entire record, we are left with a definite and firm impression that a mistake has been made. *Butts,* 85 S.W.3d at 134. We presume that the motion court's findings and conclusions are correct. *Id.*

To prevail on a claim of ineffective assistance of counsel, Movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that his trial counsel's deficient performance prejudiced the defense. *Moore v. State,* 39 S.W.3d 888, 892 (Mo. App.2001); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In considering a Rule 24.035 claim of ineffective assistance of counsel, courts must " 'view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration.' " *Moore,* 39 S.W.3d at 893 (quoting *Henderson v. State,* 977 S.W.2d 508, 511 (Mo.App.1998)). "A defense counsel need not be clairvoyant to be effective and is only required to do what is reasonable under the circumstances." *Id.* There is a strong presumption that counsel's conduct was reasonable under the circumstances, and Movant "must establish a serious dereliction of duty by plea counsel that substantially affected his rights" in order to overcome that presumption. *Id.* at 892.

In regard to the second prong of the *Strickland* test, prejudice exists when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Moore,* 39 S.W.3d at 892 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068).

Since Movant's conviction resulted from a guilty plea, his claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002); *see also Jackson v. State,* 90 S.W.3d 238, 240 (Mo. App.2002); *Moore,* 39 S.W.3d at 892; *Sexton v. State,* 36 S.W.3d 782, 784–85 (Mo. App.2001). Furthermore, to establish prejudice he must also demonstrate that there was "a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Henderson v. State,* 32 S.W.3d 769, 771 (Mo.App.2000).

■ In his sole point on appeal, Movant contends that his counsel was ineffective for failing to interview or depose Cruz thereby discovering a comment Cruz allegedly made prior to the shooting—specifically, that Cruz heard one of the victims say "dust them." Movant claims that this evidence would have supported a self-defense plea and that he would have, instead, insisted on proceeding to trial.

■ We are unable to find any serious dereliction of duty by Movant's counsel or that she failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Moore,* 39 S.W.3d at 892. Movant points to nothing in the record to indicate that he acted in self-defense.[5] " 'In any

5. Section 563.031 authorizes the use of physical force upon another person when and to the extent an individual believes such force to be necessary to defend himself or a third person from what they reasonably believe to be the imminent use of unlawful force by such other person. *See State v. McCarty,* 956 S.W.2d 365, 369 (Mo.App.1997). Generally, a defendant also must prove an absence of aggression on his or her own part and that the defendant did everything in his or her

ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Ervin v. State*, 80 S.W.3d 817, 824 (Mo. banc 2002) (quoting *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052). "What investigation decisions are reasonable depends 'critically' on what information the defendant has supplied his lawyer." *Id.* Absent any such indication, Movant's trial counsel had no reason to investigate a self-defense claim.

Furthermore, Cruz in his preliminary hearing testimony gave no indication of an alleged threat made to Movant and himself that would have prompted Movant to act in self defense, even when Cruz was directly questioned as to what was said among the parties at the time of the altercation. Rather, Cruz's testimony concerning the exchange between Movant and the occupants of the other car prior to the shooting consisted of the following:

Q: And what did Mr. Gray do when they pulled over?

A: Pulled up next to them.

Q: What was said, if anything?

A: Uh, they asked him his name.

Q: Did he give them the name?

A: After a couple of times they asked; yes, sir.

Q: What'd he give them, what name did he give them?

A: Michael Gray.

Q: Did, uh, did any names come out of the other car that you recall?

A: No, sir. Well, no, sir.

Q: Was there any discussion between the two vehicles?

A: Uh, they was telling us to turn on the dome light so they could see who we were and he told them he didn't have one.

Q: Okay. Anything else that was said that you recall?

A: He said he knew 'em.

. . .

Q: All right. What happened then?

A: Um, they told him that they didn't know him. And one guy said that they heard of him, that they knew of him. And Michael pulled the gun out and shot.

"It is only in 'rare cases' that a court can find counsel's failure to interview witnesses to be sufficient to support a claim of ineffective assistance of counsel." *Moore*, 39 S.W.3d at 893. This is not one of those "rare cases." The record shows that Movant's counsel had no reason to inquire about a potential self-defense claim.

■ Finally, it is Movant's responsibility to demonstrate that the information which he alleges should have been discovered would have aided or improved his position. *See Smulls v. State*, 71 S.W.3d 138, 155 (Mo. banc 2002); *Oliver v. State*, 973 S.W.2d 580, 583 (Mo.App.1998). Movant claims that Cruz allegedly heard a threat, and that had Movant possessed this evidence Movant would have pled self-defense and insisted on proceeding to a trial. As discussed, however, we can find no evidence in the record that Movant *heard* the alleged threat himself or that he believed he needed to shoot the occupants in the other car to defend himself—factors required to succeed in a self-defense claim. *See* § 563.031. Indeed, a review of the testimony provided by Cruz and other witnesses at the preliminary hearing fails to show an imminent use of unlawful force by any of those persons whom Movant shot. Instead, the testimony reveals that the parties merely talked. Cruz related he

power to avoid the danger and retreated if possible. *Id.*

was surprised when Movant drew a gun and started shooting.[6] The record fails to show that Movant did everything in his power to avoid the danger and retreat if possible. *See McCarty,* 956 S.W.2d at 369. Rather, Movant pulled out a gun and shot at the other car, and then exited his own car and continued to shoot at those persons located within the other car. Accordingly, we determine that Movant's plea counsel was not ineffective for failing to interview or depose Cruz. Point denied.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.

---

**6.** Cruz's testimony included the following comment:
  Q: So, I take it you were surprised when he drew a gun?

A: That's right.